# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff/Appellee,** ) | |
| ) | |
| vs. ) | **Appeal No: 14-3587** |
| ) | |
| **LEO STOLLER,** ) | |
| ) | |
| **Defendant/Appellant.** ) | |

## MOTION TO VACATE JUDGE VIRGINIA KENDALL'S ORDER OF MAY 4, 2016

NOW COMES, Defendant/Appellant Leo Stoller by and through his attorney Phillip M. Kiss and requests that this Honorable Court reverse Judge Virginia Kendall's Order dated May 4, 2016, and in support of this Motion now states as follows:

1. Defendant/Appellant Leo Stoller is currently residing at the Salvation Army Half Way House in Chicago, Illinois.

2. Defendant/Appellant Stoller, 69, is an Alzheimer's Dementia patient with multiple medical issues who was previously confined at the Level Three Medical Facility in Terre Haute, Indiana from January 27, 2015 through March 24, 2016.

3. During Stoller's confinement, his medical condition worsened; and he was continually denied the proper medical attention he needed, which led to two hospitalizations at

Union Hospital, of which both were the direct and proximate cause from the lack of medical care that he needed and did not receive from the Level Three Medical Facility.

4.      In December of 2015, Stoller made numerous attempts to see the prison dentist and was unable to have a tooth extracted which lead to the development of a serious life-threatening condition called acute cellulitis, facial cellulitis and a severe infection. See paragraph 2 of Stoller's Motion (Doc 206- **Appendix 1**) incorporated herein by reference, replead and reasserted paragraph by paragraph in support of this Motion.

5.      On February 8, 2016, Stoller submitted a Petition to have another inmate, Robert Anderson, removed from the room Stoller was occupying at the facility. The Petition for Removal was based on the fact that Anderson had a contagious foot infection and the other inmates in this room requested Anderson's removal.

6.      Stoller presented the Petition to Counselor Hart on February 8, 2016. The administrator of the facility ordered Stoller to be placed in isolation in a secure housing unit in the United States maximum Security Penitentiary Building also located in Terre Haute, Indiana on February 9, 2016.

7.      Stoller was removed in handcuffs and taken to the housing unit where he was placed in a single cell.

8.      On February 9, 2016, Administrator Sweeney visited Stoller in his cell to inform him that he would be confined to isolation for 90 days.

9.      On February 9, 10 and 11, 2016, Stoller was locked down for 24 hours a day. On February 12, 2016, Stoller, who has congestive heart failure, developed acute pain in the middle of his chest which lead to a heart attack and again was sent to Union Hospital wherein the

doctors diagnosed Stoller with having a second hernia as a result of a prior abdominal aneurysm operation which was performed on February 12, 2013, at Weiss Memorial Hospital in Chicago.

10. Prior to leaving the medical facility in March of 2016, Stoller was scheduled to have surgery to repair the hernia.

11. Upon arrival at the Salvation Army Half Way House in Chicago, Stoller requested permission from Counselor Shalin Van Ecka and the Bureau of Prisons (BOP) to see Dr. Phil Zaret at Weiss Memorial Hospital; and his request was denied. Stoller appealed the BOP's decision, and that was also denied.

12. Stoller had exhausted all administrative remedies and then filed a Motion (Doc 205- **Appendix 2**) before Judge Virginia Kendall due to Stoller's critical nature of his medical emergency involving his hernia that needs surgery. All Stoller was doing when he filed his Motion was merely asking permission to visit his surgeon, Dr. Zaret.

13. Judge Kendall stated that she had no jurisdiction which she previously stated in her February 16, 2016 Order (**Appendix 3**).

14. Defendant/Appellant Leo Stoller respectfully asserts that Judge Kendall was wrong for denying Stoller's request to visit his surgeon, Dr. Zaret, on the erroneous grounds that the Trial Court did not have jurisdiction.

15. The filing of a Notice of Appeal is an event of jurisdictional significance. It confers jurisdiction on the Court of Appeals and divests the District Court of its control over those aspects of the case involved in the appeal; *Griggs et al v. Provident Consumer Discount,* Case No: 82-5082, 459 U.S. 56 (a982); citing *Tose v. First Pennsylvania Bank, N.A.,* 648 F. 2d 879,882, N.E. 2d (3rd Cir.); *Hodge v. Hodge,* 507 F. 2d 87, 89 (3rd Cir. 1975).

3

16. Stoller's request to the District Court for permission to see Dr. Zaret regarding his hernia surgery, which would have been scheduled had Stoller remained at the Level 3 facility, is one aspect of Stoller's case which is not before the Circuit Court of Appeals. Judge Kendall had jurisdiction to grant Stoller permission to see Dr. Zaret for his emergency medical issue on humanitarian grounds alone and/or that the request was separate enough that Stoller's appeal would not affect it.

**WHEREFORE**, Defendant/Appellant Stoller prays for this Honorable Court to reverse the District Court's Order dated May 4, 2016, and remand this matter back to the District Court.

Respectfully submitted,

/s/ Philip M. Kiss
Philip M. Kiss
Attorney for Defendant/Appellant
5250 Grand Avenue, #14-408
Gurnee, Illinois 60031
(815) 385-4410

### CERTIFICATE OF SERVICE

The undersigned, Philip M. Kiss, as counsel for Defendant/Appellant Leo Stoller, hereby certifies that on May 12, 2016, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Northern District by using the CM/ECF system. Counsel further certifies that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Philip M. Kiss
Philip M. Kiss
Attorney for Defendant
5250 Grand Avenue, #14-408
Gurnee, Illinois 60031
(815) 385-4410